IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CEDENO HUNTER,<br>        PLAINTIFF,<br><br>V.<br><br>CITY OF RICE POLICE DEPARTMENT,<br>ET AL.,<br>        DEFENDANTS. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 3:25-CV-451-X-BK |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred

to the undersigned United States magistrate judge for case management.  Before the Court are

Defendants' motions to dismiss.  Doc. 20; Doc. 21; Doc. 22; Doc. 24.  For the reasons detailed

here, the motions should be **GRANTED**.

## I. BACKGROUND

In February 2025, Plaintiff filed a *pro se* Complaint against the City of Rice Police

Department, Navarro County Sheriff's Department, Navarro County District Attorneys' Office,

City of Rice police officers Matthew Adams, Matthew Guerrero, and Dolores, and Navarro

County sheriff's deputies Porter and Perry.  Doc. 3 at 2.  The Complaint asserts federal

constitutional claims under 42 U.S.C. § 1983 and various state law claims, all arising from a

traffic stop.  Doc. 3.

Plaintiff alleges that on July 28, 2023, officers of the City of Rice Police Department

conducted a traffic stop of Plaintiff on his private property for "an improper display of tags and

suspected illegal window tint."  Doc. 3 at 2.  Plaintiff contends that during the stop, City of Rice

Police Officer Matthew Guerrero[1] repeatedly asked Plaintiff to roll up his window so Guerrero could test the tint level.  Doc. 3 at 3.  Plaintiff alleges that after he "lawfully withheld his consent" to the test, Officer Guerrero "repeatedly threatened" to impound his vehicle, handcuff him, and charge him with resisting arrest.  Doc. 3 at 3.

According to Plaintiff, this conduct continued for more than 45 minutes, during which he was told that the Rice Police Department would obtain a search warrant.  Doc. 3 at 3.  Plaintiff alleges that although he refused a warrantless search and waited for a warrant, no officer ever attempted to obtain one.  Doc. 3 at 3.

As best as the Court can discern from the Complaint, Officer Guerrero eventually attempted to place Plaintiff in handcuffs.  Doc. 3 at 6.  Plaintiff alleges that, believing the use of force to be unlawful, he resisted, and the officers then tased him and used excessive force to effectuate the arrest.  Doc. 3 at 3, 5.  Plaintiff contends that, thereafter, the officers conducted a warrantless search of his vehicle and seized evidence related to the window tint.  Doc. 3 at 6.  Plaintiff states he was charged on the same day with resisting arrest and tampering with evidence.  Doc. 1 at 7-8.  However, the charges were later dismissed following a 574-day delay of Plaintiff's criminal trial, which Plaintiff contends violated his Sixth Amendment rights.  Doc. 3 at 8.

Based on this alleged conduct, Plaintiff asserts civil rights claims under § 1983 for violations of his Fourth and Sixth Amendment rights.  Doc. 3 at 8-10.  Additionally, he asserts common law claims for negligence, intentional infliction of emotional distress (IIED), and assault and battery against all defendants.  Doc. 3 at 9.  Through their various motions,

---

[1] The Complaint refers to Officer "Guerreo" and "Guerrero" interchangeably.  *See* Doc. 3 at 2, 3. However, because Defendant Guerrero clarifies that the latter is the correct spelling of his name, *See* Doc. 25 at 1, the Court refers to him as "Guerrero."

Defendants move to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  Doc. 20; Doc. 21; Doc. 22; Doc. 24.

## II. APPLICABLE LAW

A plaintiff fails to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).  Moreover, the complaint should not simply contain conclusory allegations but must be pled with a certain level of factual specificity.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  Put differently, a court must be able to reasonably infer "that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  But "a formulaic recitation of the elements of a cause of action will not do ...," and factual allegations must accompany legal conclusions. *Iqbal*, 556 U.S. at 679 (quoting Twombly, 550 U.S. at 555).

Under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).  The Court liberally construes Plaintiff's Complaint, with all possible deference due a *pro se* litigant.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even

under this most liberal construction, however, the Court finds that Plaintiff has failed to state a claim on which relief may be granted.

## III. ANALYSIS

### A. The City of Rice Police Department and Navarro County Sheriff's Department and District Attorneys' Office are Not Subject to Suit.

Insofar as Plaintiff seeks to assert § 1983 or Texas common law claims against the City of Rice Police Department, Navarro County Sheriff's Department, and Navarro County District Attorneys' Office, such claims necessarily fail. "[A] plaintiff may not bring a civil action against a servient political agency or department unless that agency or department enjoys a separate and distinct legal existence." *Pogorzelski v. Dallas Police Dep't*, No. 3:20-CV-1760, 2020 WL 5045673, at *2 (N.D. Tex. Aug. 5, 2020) (Horan, J.), *rep. & rec. adopted*, 2020 WL 5038175 (N.D. Tex. Aug. 26, 2020) (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). Accordingly, unless a "true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Darby*, 939 F.2d at 313.

Plaintiff has not identified, and the Court is not aware of, any authority suggesting that these entities have been granted jural authority to sue or be sued in their own right. In the absence of such authority, courts consistently hold that city police departments and county sheriff's departments and district attorneys' offices are not jural entities subject to suit. *See, e.g., Delta Fuel Co., Inc. v. Maxwell*, 485 F. App'x 685, 686–87 (5th Cir. Aug.10, 2012) (affirming the dismissal of § 1983 claim against a district attorney's office as a non-jural entity)*; Armstrong v. Sheriff of Ellis Cnty.*, No. 3:24-CV-155, 2024 WL 816264, at *2 (N.D. Tex. Feb. 1, 2024) (Toliver, J.)*, rep. & rec. adopted* 2024 WL 812027 (N.D. Tex. Feb. 27, 2024) (finding county sheriff's office was not a jural entity subject to suit); *Sneed v. Lee-Winston*, No. , 2023 WL

4

8242751, at *2 (N.D. Tex. Nov. 3, 2023) (Ramirez, J.), *rep. & rec. adopted* 2023 WL 8244292 (N.D. Tex. Nov. 28, 2023) (dismissing claims against city police department because plaintiff failed to allege that it was a separate legal entity with jural authority).  Because Plaintiff has neither alleged nor demonstrated that either the City of Rice Police Department, Navarro County Sheriff's Department, or Navarro County District Attorneys' Office have been granted jural authority, he fails to state claims against them.  Accordingly, all claims against these entities should be dismissed.

Ordinarily, a *pro se* plaintiff who names a non-jural entity defendant should be alerted and afforded an opportunity to amend his complaint.  *See Parker v. Fort Worth Police Dep't, 980 F.2d 1023, 1026 (5th Cir. 1993)* (noting that leave to amend, rather than dismissal, is appropriate where the entity with jural existence would not be prejudiced by the amendment).  Here, Plaintiff has specifically requested to amend his Complaint to name Navarro County directly if its Sheriff's Department and District Attorneys' Office are not subject to suit.  *See* Doc. 30 at 1.  Moreover, although Plaintiff has not expressly requested leave to assert claims against the City of Rice rather than its servient police department, the Court concludes that allowing such amendment would not prejudice the city.  *Parker*, 980 F.2d at 1026.

Accordingly, Plaintiff should be allowed to amend his complaint to name the City of Rice and Navarro County as defendants.

### B. Plaintiff Fails to State a Claim Against the Individual Defendants.

#### 1. State Law Claims

In addition to his federal constitutional claims, Plaintiff asserts common law claims of negligence, IIED, and assault and battery against "Defendants," generally.  Doc. 3 at 9.  Officers

5

Dolores, Adams, and Guerrero argue that Plaintiff is barred from asserting intentional tort claims against them under the Texas Tort Claims Act ("TTCA"). Doc. 25 at 7. The Court agrees.

Section 101.106(f) of the TTCA "provides a governmental employee with statutory immunity from suit when he or she is sued for a tort that '(1) is based on conduct within the general scope of the employee's employment and (2) could have been brought under the Act against the governmental unit.'" *Gomez v. Massey*, No. 3:18-CV-348, 2019 WL 4034319, at *2 (S.D. Tex. Aug. 27, 2019) (citing *Garza v. Harrison*, 574 S.W.3d 389, 399-400 (Tex. 2019)). When these conditions are met, § 101.106(f) "mandates[] plaintiffs to pursue lawsuits against governmental unit rather than their employees," and "entitles the employee 'to dismissal' of the relevant tort claim[.]" *Wilkerson v. Univ of N. Texas By & Through Bd. of Regents*, 878 F.3d 147, 159 (5th Cir. 2017) (citations omitted). On the employee's motion, the court must dismiss the claims against the employee unless the plaintiff "files amended pleadings dismissing the employee and naming the governmental unit . . . on or before the 30th day after the date the motion is filed." *Graham v. Dallas Area Rapid Transit*, 288 F. Supp. 3d 711, 747 (N.D. Tex. 2017) (citing *Alexander v. Walker*, 435 S.W.3d 789, 792 (Tex. 2014)).

All tort claims alleged against a governmental entity and its employees are assumed to arise under the TTCA for purposes of Section 101.106. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008); *Franka v. Velasquez*, 332 S.W.3d 367, 369 (Tex. 2011). Thus, the second prong of § 101.106(f) asks "not whether [the plaintiff] can succeed on the merits, but whether his claim sounds in tort." *Wilkerson*, 878 F.3d at 162 (citing *Franka*, 332 S.W.3d at 381 (noting that a cause of action "could have been brought under the Act" if the "claim is in tort and not under another statute that independently waives immunity.")). Here, Plaintiff's negligence, IIED, and assault and battery claims are all Texas common law claims

6

sounding in tort.  *See* Doc. 3 at 9.  Accordingly, these claims "could have been brought" under the TTCA against the governmental units.  *See Jimerson v. Lewis,* No. 3:20-CV-2826, 2021 WL 1566463, at *4 (N.D. Tex. Apr. 1, 2021) (Ramirez, J.), *rep. & rec. adopted,* 2021 WL 1561431 (N.D. Tex. Apr. 21, 2021) ("[U]nless the suit is brought against a governmental employee under a statute that independently waives immunity, the second prong 'for section 101.106 is virtually always satisfied.'") (quoting *Gomez,* 2019 WL 4034319, at *4).  Indeed, Plaintiff appears to have intended to do so by asserting the claims against the "Defendants" generally.  *See* Doc. 3 at 9. The sole remaining question, therefore, is whether the alleged conduct occurred within the scope of Officers Dolores, Adams, and Guerrero's employment.

The TTCA defines "scope of employment" as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority."  TEX. CIV. PRAC. & REM. CODE § 101.001(5).  Texas courts have interpreted this definition broadly, holding that an employee's conduct is within the scope of employment if the acts are "of the same general nature as the conduct authorized or incidental to the conduct authorized."  *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007).  The scope-of-employment inquiry therefore "focuses on whether the employee was doing his job, not on the quality of the job performance."  *Garza*, 754 S.W.3d at 394.  Even when performed "wrongly or negligently," conduct is within the scope of employment "if, when viewed objectively, a connection exists between the employee's job duties and he alleged tortious conduct."  *Id.* (cleaned up).

The Complaint's allegations against the Individual Officers, taken as true, describe only conduct performed within the scope of their employment.  *See* Doc. 3 at 2-3.  Plaintiff contends that the Officers stopped his vehicle due to his "improper display of tags and suspected illegal

window tint." Doc. 3 at 2.  In investigating these suspected traffic violations, Officers Dolores, Adams, and Guerrero were acting within the general scope of their law enforcement duties.  And, even assuming their subsequent actions were negligent or motivated by improper purposes, their conduct in investigating, questioning, and arresting Plaintiff remains within the general scope of those duties.  *See, e.g., Garza*, 574 S.W.3d at 401 (off-duty officers' fatal shooting of a suspect while attempting to conduct an arrest was within the general scope of their duties, insulating them from suit for any resulting tort); *Carter v. Diamond URS Huntsville, LLC*, 175 F. Supp.3d 711, 752 (S.D. Tex. Mar. 30, 2016) (officers were entitled to statutory immunity from claims for assault, battery, and false imprisonment because, even if officers' actions were improper, the alleged conduct occurred while investigating suspected crimes).

Because both requirements of § 101.106(f) are satisfied, Officers Dolores, Adams, and Guerrero are entitled to immunity from Plaintiff's tort claims against them.  Accordingly, Plaintiff's negligence, IIED, and assault and battery claims against these officers are barred and should be dismissed with prejudice.  *See Jimerson*, 2021 WL 1561431, at *1 (holding that dismissal with prejudice is proper where the plaintiff failed to amend the complaint within 30 days to substitute the governmental employer as required by § 101.106(f)).

Although the remaining Individual Defendants, Deputies Perry and Porter, do not invoke statutory immunity from Plaintiff's state law claims under § 101.106(f), the Court nevertheless concludes that the Complaint fails to allege any facts sufficient to put these Defendants on notice of the tort claims.[2]  Again, Plaintiff asserts his common law claims against "Defendants"

---

[2] While Section 101.106(f) would likely apply to shield Deputies Perry and Porter from liability for Plaintiff's state law claims, they have not sufficiently asserted their right to such relief. *See* Doc. 20.  Accordingly, the Court declines to *sua sponte* dismiss the state law claims against them on this basis. *See, e.g., Fryday v. Michaelski*, 541 S.W.3d 345, 349 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (explaining that an "individual defendant is entitled to dismissal upon

generally without identifying which Defendant is alleged to have engaged in which conduct.  *See* Doc. 3 at 9.  To satisfy the federal pleading standards of Rule 8(a), however, "the complaint must specify the acts of the defendants individually, not collectively[.]"  *Shemwell v. Cannon*, 352 F. Supp. 3d 690, 697 (N.D. Tex. 2019); *Callier v. Nat'l United Grp., LLC,* No. 21-CV-71, 2021 WL 5393829, at *3 (W.D. Tex. Nov. 17, 2021) (Briones, J.) ("[G]eneral assertions directed at no one in particular are not sufficient to raise an inference of plausibility against a particular defendant.").  By "lump[ing] all Defendants together without identifying any actions of any Individual Defendant" the Complaint fails to put Deputies Porter or Perry on Notice of the state law claims or the grounds upon which they rest.  *Cobarobio v. Midland Cnty.*, No. 13-CV-111, 2015 WL 13608102, at *9 (W.D. Tex. Jan 7, 2015), *aff'd*, 695 F. App'x 88 (5th Cir. 2017).  Accordingly, insofar as Plaintiff asserts his negligence, IIED, and assault and battery claims against Defendants Porter and Perry, these claims should likewise be dismissed.

## 2. Section 1983 Claims

Pursuant to Section 1983, Plaintiff asserts claims against (1) Officers Adams and Guerrero for their alleged use of excessive force in violation of his Fourth Amendment rights; (2) Officer Dolores and Deputies Perry and Porter for failing to intervene to prevent the use of that force; and (3) all "Defendants" for allegedly violating his Sixth Amendment right to a speedy trial.  Doc. 3 at 9-10.  Defendants move for dismissal, arguing that they are entitled to qualified immunity and that the Complaint fails to allege sufficient facts to overcome that defense.  Doc. 20 at 4; Doc. 25 at 4.

---

proof" that § 101.106(f) of the TTCA is applicable); *Trice v. Pearland Indep. Sch. Dist.*, No. 3:19-CV-286, 2020 WL 1557750, at *5 n. 11 (S.D. Tex. Mar. 16, 2020) (declining to consider § 101.106(f)'s applicability *sua sponte* where defendants had not explicitly moved for dismissal on this ground).

"Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994) (citation omitted).  To state a claim under section 1983, a plaintiff must allege facts showing the defendant (1) deprived him "of a right 'secured by the Constitution and the laws' of the United States" and (2) was acting under color of state law.  *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978) (citation omitted).  The first element requires the plaintiff to show that the defendant "was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation." *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008) (citation omitted).

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation omitted).  The qualified immunity inquiry involves two prongs which the Court must answer affirmatively to subject an official to liability: (1) whether the facts a plaintiff has alleged establish a violation of a constitutional right; and (2) "whether the right at issue was 'clearly established' at the time of [the] defendant's alleged misconduct." *Id.* at 232 (citation omitted).  A court may begin its assessment with either prong and "[q]ualified immunity questions should be resolved 'at the earliest possible stage in litigation.'" *Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011) (quoting *Pearson*, 555 U.S. at 232); *see, e.g.*, *Turner v. Lieutenant Driver*, 848 F.3d 678, 683 (5th Cir. 2017) (addressing a qualified immunity defense raised in a motion to dismiss).

i. Plaintiff fails to Allege an Excessive Force Claim.

Officers Adams and Guerrero argue that Plaintiff fails to state an excessive force claim because the Complaint contains no factual allegations showing that any force used was excessive under the circumstances. Doc. 25 at 6. Plaintiff responds that the force was objectively unreasonable because "no reasonable officer would tase a compliant suspect." Doc. 29 at 3.

To state a § 1983 excessive force claim, a plaintiff must show that he suffered "(1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objective unreasonable." *Flores v. Palacios*, 381 F.3d 391, 396 (5th Cir. 2004). The second and third elements collapse into a single objective-reasonableness inquiry in which the court may consider "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Peña v. City of Rio Grande City*, 879 F.3d 613, 619 (5th Cir. 2018) (quoting *Graham v. Connor*, 490 U.S. 386, 394 (1989).

As an initial matter, the Complaint does not clearly identify which officer allegedly used excessive force. Plaintiff vaguely asserts that "the Rice Police Department used excessive force to unlawfully arrest [him], then deployed tasers on [him]." Doc. 3 at 3. Although the Complaint suggests that Officer Guerrero attempted to place Plaintiff in handcuffs, *see* Doc. 3 at 6, it does not attribute the use of a taser to any specific officer. Doc. 3 at 3. To the extent Plaintiff's excessive force claim is based on the use of the taser, it is subject to dismissal on this ground alone. *See Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992) ("[A] plaintiff bringing a section 1983 action must specify the personal involvement of each defendant.").

Even assuming the Complaint adequately identified which officer used the allegedly excessive force, Plaintiff fails to allege that the force used was objectively unreasonable.

11

Although Plaintiff was not suspected of a serious crime, he concedes that he resisted Officer Guerrero's attempt to place him in handcuffs. Doc. 3 at 6. The United States Court of Appeals for the Fifth Circuit has consistently held that police officers may use comparable force to effect an arrest when a suspect actively resists. *See, e.g., Carroll v. Ellington,* 800 F.3d 154, 173-76 (5th Cir. 2015) (holding that the suspect's active resistance rendered officers' use of a taser and hand-to-hand strikes objectively reasonable under the circumstances); *Cadena v.* Ray, 728 F. App'x 293, 296-97 (5th Cir. 2018) (per curiam) (officers used reasonable force in tackling and tasing arrestee when he resisted being arrested for public intoxication); *Hogan v.* Cunningham, 722 F.3d 725, 733-34 (5th Cir. 2013) (officers used reasonable force in tackling arrestee who tried to close his front door on them). Because Plaintiff acknowledges that he resisted arrest and pleads no facts showing that the officers' response was objectively unreasonable, he fails to state an excessive force claim. Accordingly, this claim should be dismissed.

ii. Plaintiff fails to allege a Bystander Liability Claim.

Plaintiff's claim that Officer Dolores and Deputies Perry and Porter failed to intervene to prevent another officer's use of unlawful force another likewise fails.

An officer may be liable under § 1983 under a theory of bystander liability where the officer "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Whitley v. Hanna*, 726 F.3d 631 (5th Cir. 2013) (internal quotations and citation omitted). Liability does not attach, however, if an officer is "not present at the scene of the constitutional violation." *Id.* (citing *Snyder v. Tyrepagnier*, 142 F.3d 791, 801 n. 11 (5th Cir. 1998)); *see also Malone v. City of Fort Worth, Tex.*, No. 4:09-CV-634, 2014 WL 5781001, at *16 (N.D. Tex. Nov. 6, 2014) (noting that

the "reasonable opportunity to intercede and prevent the constitutional violation" is "[t]he focus of the bystander liability inquiry.").

Here, the Complaint contains no factual allegations showing that Officer Dolores or Deputies Perry or Porter were present during the incident or otherwise had an opportunity to prevent the alleged use of force. Indeed, apart from listing them as defendants, the only allegation directed at these officers is Plaintiff's conclusory assertion that they "failed to intervene to stop Defendant Matthrew Adams['] use of excessive force, despite having the opportunity to do so." Doc. 3 at 8. This bare, conclusory statement—unsupported by any fact describing the officers' presence, knowledge, or ability to intervene—is insufficient to state a claim for bystander liability. *See Whitley*, 726 F.3 631 (holding a complaint fails to state a claim for bystander liability where it does not allege that the defendant was present during the alleged violation). Accordingly, Plaintiff's § 1983 claim against Defendants Dolores, Perry, and Porter should be dismissed.

iii. Plaintiff Fails to Assert any Facts in Support of His Sixth Amendment Claim.

Finally, to the extent Plaintiff asserts a § 1983 claim against the Individual Defendants based on the alleged violation of his Sixth Amendment rights, he fails to allege any facts establishing their personal liability. Like his state law claims, Plaintiff appears to assert his Sixth Amendment claim against all "Defendants" generally. *See* Doc. 3 at 9-10. However, he fails to identify any officer responsible for, or connected to, the alleged delay in his criminal case. Doc. 3 at 10. Because the Complaint fails to allege any connection between the alleged violations and Defendants, this claim should be dismissed.

13

**LEAVE TO AMEND**

A court may dismiss a claim that fails to meet the pleading requirements, but "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000). Although Plaintiff's § 1983 claims are subject to dismissal for the defects outlined above, the deficiencies identified are not necessarily incurable. Because Plaintiff is proceeding *pro se* and has not previously been afforded an opportunity to amend his claims, the Court finds it appropriate to allow Plaintiff an opportunity to amend his Complaint to comply with the federal pleading standards. *See Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (per curiam) (stating, generally, that a *pro se* plaintiff should be allowed to amend his complaint prior to dismissal). Therefore, the undersigned recommends that Plaintiff be allowed to amend his complaint to:

(1) Specify the claims asserted against each Defendant;

(2) Allege any basis on which his § 1983 claims can overcome the Individual Defendants' entitlement to qualified immunity; and

(3) Properly name the City of Rice and Navarro County as defendants and identify which claims are asserted against each.

Because the TTCA bars Plaintiff from asserting his state law claims against Officers Dolores, Adams, and Guerrero, those claims should be dismissed with prejudice without granting leave to amend, however. Though to the extent Plaintiff seeks to assert these claims against the

14

remaining Defendants, he should be allowed to amend his complaint to identify the specific claims and the factual basis to support them.

Finally, if Plaintiff is unable to cure the deficiencies noted herein by amendment, Defendants should be permitted to re-urge their Rule 12(b)(6) motions to seek dismissal of any amended claims with prejudice.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss, Doc. 20; Doc. 21; Doc. 22; Doc. 24, should be **GRANTED**.  Defendants Navarro County Sheriff's Department, Navarro County District Attorneys' Office, and The City of Rice Police Department should be dismissed from this action.  Plaintiff's state-law claims for negligence, IIED, and assault and battery as against Officers Dolores, Adams, and Guerrero should be **DISMISSED WITH PREJUDICE**. Plaintiff's remaining claims should be **DISMISSED WITHOUT PREJUDICE**.  However, if Plaintiff fails to cure the deficiencies identified herein by filing an amended complaint within 14 days of the adoption of this recommendation, those claims should be dismissed with prejudice upon Defendants' motion.

**SO RECOMMENDED** on March 13, 2026

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

15

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who object to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United States Servs. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).

16