UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CEDENO HUNTER, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-0451-X |
| | § | |
| CITY OF RICE POLICE | § | |
| DEPARTMENT et al., | § | |
| | § | |
| *Defendants.* | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the findings, conclusions, and recommendation (FCR) of the United States Magistrate Judge; Plaintiff Cedeno Hunter's response; Hunter's motion for leave to file first amended complaint; Defendants' response in opposition to Hunter's motion for leave; and Hunter's reply.   (Docs. 44, 45, 46, 47, 48).

Hunter, proceeding *pro se*, timely filed a response within the objection period. Although styled as a response, the filing does not meaningfully object to the Magistrate Judge's analysis or conclusions regarding dismissal.   Instead, Hunter's response expressly accepts the FCR but "only to the extent consistent with the right to amend."[1]   Specifically, Hunter accepted the Magistrate Judge's recommendation that the City of Rice Police Department, Navarro County Sheriff's Office, or Navarro County District Attorney's Office should be dismissed as non-jural entities as well as

---

[1] Doc. 45 at 3.

1

the dismissal with prejudice of his state law tort claims against Officers Adams, Guerrero, and Dolores.[2]

Liberally construing the response as an objection, the Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. Finding none, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

The Court **GRANTS** Defendants' motions to dismiss[3] and **DISMISSES** Defendants Navarro County Sheriff's Department, Navarro County District Attorneys' Office, and the City of Rice Police Department from this action; **DISMISSES WITH PREJUDICE** Hunter's state-law claims for negligence, intentional infliction of emotional distress, and assault and battery against Officers Dolores, Adams and Guerrero; and **DISMISSES WITHOUT PREJUDICE** Hunter's remaining claims.

The Court also **GRANTS** Hunter's motion for leave to amend his complaint.[4] (Doc. 46). The Court directs the Clerk's office to enter the amended complaint as of the date of this order.

---

[2] *Id.* at 1.

[3] Docs. 20, 21, 22, 24.

[4] "Because Plaintiff is proceeding pro se and has not previously been afforded an opportunity to amend his claims, the Court finds it appropriate to allow Plaintiff an opportunity to amend his Complaint to comply with the federal pleading standards." Doc. 44 (citing *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (per curiam) (stating, generally, that a pro se plaintiff should be allowed to amend his complaint prior to dismissal)).

**IT IS SO ORDERED** this 30th day of March 2026.

_____

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE